■ GREGOR J. SCHAEFER SONS, INC., Respondent, v BOARD OF EDUCATION OF THE CENTRAL SCHOOL DISTRICT NO. 1 OF ST. JAMES, Defendant and Third-Party Plaintiff-Appellant. PERKINS & WILL, Third-Party Defendant and Fourth- and Fifth-Party Plaintiff-Appellant; GARFINKEL, MARENBERG AND ASSOCIATES, Fifth-Party Defendant-Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the appeals are from an order of the Supreme Court, Suffolk County, dated January 29, 1980, which, *inter alia,* (1) denied the motions by various parties (a) to vacate the note of issue and statement of readiness and to strike the action from the Trial Calendar and (b) to vacate the preference granted to plaintiff, and (2) ordered that certain pretrial oral depositions be conducted and documents produced. Order modified by adding thereto, immediately after the provision beginning with the number "2" and ending with the word "served", the following: "3. The plaintiff shall appear to be deposed by the fifth-party defendant." As so modified, order affirmed, with one bill of $50 costs and disbursements, payable by the appellants appearing separately and filing separate briefs to the plaintiff. The oral depositions, at which the parties shall bring the requested documents, shall proceed at the place designated in the order under review, at a time to be fixed in written notices of not less than 5 days nor more than 15 days, or at such other times and places as the parties may agree. The notices shall be served within 20 days after entry of the order to be made hereon, and the trial shall commence within 30 days after completion of the oral depositions. While we agree that the action should not be stricken from the Trial Calendar and that a severance as respects the fifth-party defendant, Garfinkel, Marenberg and Associates, would be inappropri-

ate, the fifth-party defendant in our view should be afforded the opportunity to depose plaintiff, since said defendant had been recently joined in the instant action. Hopkins, J. P., Damiani, Martuscello and Weinstein, JJ., concur.